Urban Redevelopment Authority of Pittsburgh and Steve Catranel Construction Company, Inc. *v.* Marilyn A. Hackaday and the City of Pittsburgh. Steve Catranel Construction Company, Inc., Appellant.

Urban Redevelopment Authority of Pittsburgh and Steve Catranel Construction Company, Inc. *v.* Marilyn A. Hackaday and the City of Pittsburgh. Urban Redevelopment Authority of Pittsburgh, Appellant.

Argued October 7, 1985, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Richard G. Kotarba,* with him, *Kevin F. McKeegan, Meyer, Unkovic & Scott,* for appellants.

*Carl Marcus,* for appellee, Marilyn A. Hackaday.

*Norma Chase,* with her, *John Regis Valaw,* Assistant City Solicitor, and *D. R. Pellegrini,* City Solicitor, for appellee, City of Pittsburgh.

OPINION BY SENIOR JUDGE KALISH, December 9, 1985:

The property in question was a vacant lot owned by A & R Solomon. Being delinquent in taxes the City Treasurer sold it at a Treasurer's sale to the City of Pittsburgh. On June 15, 1983, while the City of Pittsburgh had title, the Urban Redevelopment Authority,[1] unaware of title being in the City, filed a declaration of taking, setting forth that A & R Solomon are the owners. The Authority notified A & R Solomon and the City of Pittsburgh of its taking and on November 3, 1983 at 4:05 P.M. a deed to Catranel Corporation was executed. On the same day at 3:51 P.M. a deed from the City to Marilyn Hackaday was recorded.

The Authority filed a motion for summary judgment contending that the declaration of taking filed

---

[1] The "blighted area" concept was expanded to give the Authority the power to condemn an unoccupied property which had been tax delinquent for a period of two years. Section 12.1 of the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* added by Section 2 of the Act of June 23, 1978, P.L. 556, 35 P.S. §1712.1(f).

on June 15, 1983 vested title in the Authority and the subsequent action of the City in selling to Marilyn Hackaday was ineffective.

The trial court denied this motion for summary judgment and granted judgment for the defendants.

We affirm.

Section 12 of the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1712, the enabling act for Redevelopment Authorities provides, "no real property belonging to a city, county or to the Commonwealth may be acquired without its consent."

There is nothing in the record indicating that the City gave its consent thus validating the taking. The notices sent by the Authority to the City indicated the Solomons as owners. This cannot be construed as an implied consent by the City.

ORDER.

The order of the Court of Common Pleas of Allegheny County, No. GD 84-5117, dated July 9, 1984, is affirmed.